YEE & KAWASHIMA LLLP

| | |
|---|---|
| JARED N. KAWASHIMA | 6289 |
| NAOMI IWABUCHI | 11008 |

1000 Bishop Street, Suite 908
Honolulu, Hawaii  96813
Telephone:  (808) 524-4501
Facsimile:  (888) 524-0407
E-mail: jared@yklawhawaii.com
naomi@yklawhawaii.com

Attorneys for Plaintiff
TREES OF HAWAII, INC. PROFIT SHARING PLAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TREES OF HAWAII, INC. PROFIT SHARING PLAN, <br><br> Plaintiff, <br><br> vs. <br><br> CARLITO BALACANG, JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE TRUSTS 1-10, <br><br> Defendants. | CIVIL NO. _____ <br><br> COMPLAINT; SUMMONS |

COMPLAINT

COMES NOW Plaintiff above named by and through their attorneys Yee & Kawashima LLLP, and for Complaint against Defendant above named allege and aver as follows:

1. Plaintiff is the Plan Administrator of the Trees of Hawaii, Inc. Profit Sharing Plan (hereinafter referred to as "Plan").

2. This action arises under the Employee Retirement Income Security Act of 1974, as amended. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §1132(a), (e), and (f).

3. At all times relevant herein, the above-named Plan was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, the above-named Plan was, and now is, a qualified profit sharing plan meeting the requirements of Section 401(a) of the Internal Revenue Code of 1986.

4. At all times relevant herein, Defendant Carlito Balacang ("Defendant") was an employee of the Plan from August 2, 2004 through January 9, 2023, and resided in the City and County of Honolulu, State of Hawaii.

5. Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, and Doe Trusts 1-10 are sued herein under fictitious names for the reason that their true names and identities are presently unknown to

Plan except that they are connected in some manner with the named Defendant and/or were the agents, servants, employees, employers, representative, co-venturers, associates of the named Defendant and/or were in some manner presently unknown to the Plan engaged in the activities alleged herein and/or were in some manner responsible for the injuries or damages to the Plan.  Plan has made a diligent effort to ascertain the true names, identities, capacities, activities and/or responsibilities of said unidentified Defendants but have been unable to do so to date.  Plan has made a diligent and good-faith effort to ascertain the full name, identity, and interest in this action of Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, and Doe Trusts 1-10 including, but not limited to, investigative efforts to locate witnesses and other persons who may have knowledge of, or contributed to causing the injuries or damages to the Plan, and to identify their roles with respect to same.

6. According to the Plan's governing document entitled Trees of Hawaii, Inc. Profit Sharing Plan (the "Plan Document"):

i) Section 7.01 notes that a plan participant is entitled to receive a benefit upon termination of service;

ii) Section 7.02(b) notes that amounts in excess of the cash out limit are available for payment if the participant elects to receive a distribution;

iii)  Section 7.03 notes that the form of distribution is a lump sum payment;

iv)  Section VI provides the rules for valuation of participant accounts and Section 6.07 discusses a statement of account which is provided to all plan participants.

7. Defendant met all eligibility requirements set for in the Plan Document entitling him to a lump sum distribution upon retirement.

8. Defendant completed the election form for his distribution.

9. Defendant regularly received a statement of account informing him of his account balance and upon information and belief, he acknowledged receipt of these statements.

10. On or about February 27, 2023, the Plan issued a distribution to Defendant in the gross sum of One Hundred Fifty Seven Thousand Eight Dollars and Thirty Six Cents ($157,008.36).

11. Defendant was in fact only entitled to a distribution of Forty Seven Thousand Nine Hundred Eighty Dollars and Fifteen Cents ($47,980.15).

12. Upon information and belief, Defendant acknowledged that he knew the distribution amount was incorrect and that he was overpaid but he nevertheless cashed the check.

13. Despite demand Defendant has refused to return the overpayment of One Hundred Nine Thousand Twenty Eight Dollars and Twenty One Cents ($109,028.21).

## COUNT I:  DECLARATORY JUDGMENT

14. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-13 of the Complaint as if set forth fully herein.

15. Defendant received a pension plan benefit from Plaintiff which is contrary to the terms of the Plaintiff's Plan Document and applicable laws.

16. Defendant was overpaid pension benefits in the amount of One Hundred Nine Thousand Twenty Eight Dollars and Twenty One Cents ($109,028.21)  and is obligated to return said overpayment to Plaintiff

17. The terms of repayment must be established that are equitable and just, taking into account the interests of both Plaintiff and Defendant.

18. An actual and substantial controversy exists between Plaintiff and Defendant as to the rights and duties under the Plan concerning the overpaid pension benefits, necessitating the Court's declaratory relief to resolve this dispute.

## COUNT II:  UNJUST ENRICHMENT

19. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-18 of the Complaint as if set forth fully herein.

20. Defendant knowingly accepted overpayment of a pension distribution.

21. As a result of the conduct described above, Defendant has been and will be unjustly enriched at the expense of Plaintiff.

22. Defendant should be required to pay restitution to Plaintiff in amount of no less than One Hundred Nine Thousand Twenty Eight Dollars and Twenty One Cents ($109,028.21) and additional sums to be proven at trial for the benefits incurred from the improper acceptance of the pension overpayment.

## COUNT III:  CONVERSION

23. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-22 of the Complaint as if set forth fully herein.

24. Defendant's retention of the overpaid pension amounts constitutes conversion.  Defendant has and continues to intentionally exercise dominion and control over Plaintiff's pension overpayment in the sum of One Hundred Nine Thousand Twenty Eight Dollars and Twenty One Cents ($109,028.21) thereby causing damage to Plaintiff for loss of use of said funds to earn investment profit and/or to pay for administrative costs of the Plan.

WHEREFORE, Plaintiff pray as follows:

(1) For declaratory judgment that Defendant Carlito Balacang has received a distribution from Plaintiff Trees of Hawaii, Inc. Profit Sharing Plan to

which under the terms of the Plan, governed by the Employee Retirement Income Security Act of 1974, as amended, Defendant was not eligible to receive; and

(2)     Order Defendant to return the overpaid pension amounts to Plaintiff Trees of Hawaii, Inc. Profit Sharing Plan, pursuant to ERISA Section 502(a)(3), along with any and all profits or benefits derived from the retention of such overpayments, to prevent unjust enrichment;

(3)     Impose a constructive trust over the funds improperly retained by Defendant, requiring Defendant to disgorge such funds and any proceeds or benefits derived therefrom, in accordance with principles of equity and fairness;

(4)     Order Defendant to pay restitution to the Plaintiff Trees of Hawaii, Inc. Profit Sharing Plan, for the full amount of the overpayment, plus applicable interest, to remedy the unjust enrichment enjoyed at the expense of the Plan and its beneficiaries;

(5)     Order Defendant to compensate Plaintiff Trees of Hawaii, Inc. Profit Sharing Plan, for the value of the unlawfully converted property;

(6)     Award general, special, and consequential damages against Defendant and in favor of Plaintiff in an amount to be proven at trial.

(7)     For judgment against Defendant for damages, in an amount to be proven at trial, and accrued interest through the date of judgment, attorneys fees and costs as permitted by law and pursuant to ERISA Section 502(g); and

(8)   Such other relief as the Court deems just and equitable.

DATED:  Honolulu, Hawaii, February 29, 2024.

 /s/ Jared N. Kawashima
JARED N. KAWASHIMA
NAOMI IWABUCHI
Attorneys for Plaintiff