IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TREES OF HAWAII, INC. PROFIT SHARING PLAN, | ) CIVIL NO. 24-00097 LEK-WRP ) |
| Plaintiff, | ) FINDINGS AND ) RECOMMENDATION TO DENY ) PLAINTIFF'S MOTION FOR |
| vs. | ) DEFAULT JUDGMENT AGAINST ) CARLITO BALACANG AND TO |
| CARLITO BALACANG, et al., | ) DISMISS THIS ACTION ) |
| Defendants. | ) ) ) |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST
CARLITO BALACANG AND TO DISMISS THIS ACTION

Before the Court is Plaintiff Trees of Hawaii Inc. Profit Sharing Plan's Motion for Entry of Default Judgment Against Carlito Balacang, filed on April 25, 2024 (Motion). See Pl.'s Mot., ECF No. 12. As directed by the Court, Plaintiff filed supplemental information regarding its claimed damages on August 7, 2024, and August 19, 2024. See Decl. of Kathleen Choy, ECF No. 18; Pl.'s Suppl., ECF No. 20. The Court finds this Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii. After careful consideration of the record in this action and the relevant legal authority, the Court FINDS AND RECOMMENDS that Plaintiff's Motion be DENIED and RECOMMENDS that this action be

dismissed.[1]

## FACTUAL BACKGROUND

Plaintiff is the Plan Administrator of the Trees of Hawaii, Inc. Profit Sharing Plan (Plan).  See Compl., ECF No. 1 ¶1.  The Plan is an employee benefit profit sharing plan.  See id. ¶ 3.  Defendant resided in Hawaii and was an employee of the Plan from August 2, 2004, though January 9, 2023.  See id. ¶ 4.  The Plan's governing document provides that a Plan participant is entitled to receive a lump sum benefit upon termination of employment if certain eligibility requirements are met.  See id. ¶ 6.  Defendant met all eligibility requirements entitling him to a lump sum distribution at retirement.  See id. ¶ 7.  Defendant completed the election form for his distribution and regularly received a statement of his account balance.  See id. ¶ 8-9.  On February 27, 2023, the Plan issued a distribution to Defendant of $157,008.36; however, Defendant was only entitled to a distribution of $47,980.15.  See id. ¶ 10-11.  Despite demand, Defendant has refused to return the overpayment to the Plan.  See id. ¶ 13.

Plaintiff filed this action on February 29, 2024, alleging claims for

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.


declaratory judgment, unjust enrichment, and conversion.  See Compl., ECF No. 1.  Plaintiff asks the Court to impose a constructive trust over the funds, order Defendant to pay restitution, award general, special, and consequential damages against Defendant, and award attorneys' fees and costs.  See id. at 6-8.  The Clerk entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on March 25, 2024.  See Entry of Default, ECF No. 9.  This Motion followed.

On July 29, 2024, the Court directed Plaintiff to file supplemental briefing addressing the apparent discrepancy in the record regarding the amount of damages that Plaintiff sought.  See Minute Order dated 7/29/2024, ECF No. 17.  Specifically, in its Motion Plaintiff seeks judgment against Defendant in the amount of $109,028.21.  See Pl.'s Mot., ECF No. 12.  Although this amount appears to be the gross amount of alleged overpayment, the evidence submitted in support of Plaintiff's Motion showed that certain withholdings were made for taxes and other unspecified debts, which were not reflected in Plaintiff's damages request.  See id.  In its first supplemental filing, Plaintiff confirmed that it was seeking a judgment against Defendant for the gross amount of overpayment, regardless of withholdings or the actual net payment to Defendant.  See Decl. of Kathleen Choy, ECF No. 18.  Because the remedies available under ERISA are limited, the Court directed additional supplemental briefing on August 9, 2024.

See Minute Order dated 8/9/2024, ECF No. 19.  The Court directed Plaintiff to address whether the remedy that it was seeking was an equitable remedy allowed under ERISA, whether the Plan contained a reimbursement provision, whether Plaintiff was seeking an equitable lien against identifiable funds or an award of damages against the general assets of Defendant, and to provide any other legal authority to support Plaintiff's requested relief.  See id.  Plaintiff's second supplemental briefing states that although the Plan does not contain a reimbursement provision, it is seeking an equitable lien by agreement against identifiable funds.  See Pl.'s Suppl., ECF No. 20, at 3.  Plaintiff asserts that Defendant deposited the benefits payment in a Bank of Hawaii account in 2023 and that this account "contains a non-zero balance."  See Decl. of Nicolas Politsch, ECF No. 20-1, ¶ 9.

## DISCUSSION

Default judgment may be entered if the defendant has defaulted by failing to appear and the plaintiff's claim is for a sum certain or for a sum that can be made certain by computation.  See Fed. R. Civ. P. 55(b)(1), (2).  The granting or denial of a motion for default judgment is within the discretion of the court.  Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible.  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).  The

court should consider the following factors in deciding whether to grant a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff;
> (2) the merits of plaintiff's substantive claim;
> (3) the sufficiency of the complaint;
> (4) the sum of money at stake in the action;
> (5) the possibility of a dispute concerning material facts;
> (6) whether the default was due to excusable neglect; and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id. at 1471-72 (citation omitted).

On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which it is entitled. See Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

The Court finds that the second Eitel factor, the merits of Plaintiff's substantive claim, is dispositive. As noted above, Plaintiff's Complaint asserts claims for declaratory judgment, unjust enrichment, and conversion. See Compl.,

5

ECF No. 1, ¶¶ 14-24.  However, the civil enforcement provision of ERISA limits the civil actions that may be brought.  Specifically, Section 502(a)(3) of ERISA authorizes a fiduciary to bring a civil suit to "(A) enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).  Accordingly, Plaintiff must demonstrate that (1) it is a fiduciary, (2) the Plan is an employee benefits plan, (3) Defendant has violated the terms of that plan, and (4) Plaintiff seeks equitable relief.  See Gabriel v. Alaska Elec. Pension Fund, 773 F.3d 945, 954 (9th Cir. 2014) (holding that ERISA allows equitable relief where the party seeking such relief can prove "(1) that there is a remediable wrong, i.e., that the plaintiff seeks relief to redress a violation of ERISA or the terms of a plan; and (2) that the relief sought is 'appropriate equitable relief.'").  The allegations in Plaintiff's Complaint are sufficient to establish that it is a fiduciary and that the Plan is an employee benefits plan.  However, Plaintiff has failed to show that Defendant has violated the terms of the Plan or that Plaintiff seeks appropriate equitable relief.

First, Plaintiff has failed to show that Defendant has violated the terms of the Plan.  The overpayment at issue occurred due to no fault of Defendant.  As detailed in the declaration submitted in support of Plaintiff's Motion, Plaintiff's

third-party administrator provided the incorrect payment amount in the payment instructions to the bank for Defendant's benefits payment.  See Decl. of Kathleen Choy, ECF No. 12-3, ¶ 5.  The check for the incorrect amount was issued to Defendant on February 14, 2023, and Defendant deposited the check nearly three weeks later on March 6, 2023.  See Pl.'s Suppl., Ex. 2, ECF No. 20-3 at 2.  Importantly, the Plan does not contain a reimbursement provision.  See Pl.'s Suppl., ECF No. 20 at 3.  In other words, the Plan does not contain any provision that requires Plan participants to repay any overpayment of benefits.  Accordingly, Plaintiff has failed to show that Defendant has violated any term of the Plan.  Based on Plaintiff's allegations, the mistake that resulted in the overpayment to Defendant was made by the third-party Plan administrator and there is no term in the Plan requiring Plan participants to repay any overpayments.

    Second, Plaintiff has failed to show that it is seeking appropriate equitable relief.  "The term 'equitable relief,' the Supreme Court has explained, refers only to 'those categories of relief that were typically available in equity' during the era of the divided bench."  Mull v. Motion Picture Indus. Health Plan, 41 F.4th 1120, 1133 (9th Cir. 2022) (quoting Mertens v. Hewitt Assocs., 508 U.S. 248, 256 (1993)).  Those categories include "injunction, mandamus, and restitution, but not compensatory damages."  Honolulu Joint Apprenticeship & Training Comm. of United Ass'n Local Union No. 675 v. Foster, 332 F.3d 1234,

1237 (9th Cir. 2003) (quoting Mertens, 508 U.S. at 256)).  Further, restitution is limited to equitable restitution where there is an identifiable *res*:

> [A] plaintiff could seek restitution in equity . . . where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession. . . . But where the property sought to be recovered or its proceeds have been dissipated so that no product remains, the plaintiff's claim is only that of a general creditor, and the plaintiff cannot enforce a constructive trust of or an equitable lien upon other property of the defendant. Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession.

Great-West Life & Annuity Insurance Co. v. Knudson, 534 U.S. 204, 213-14 (2002).  "Thus equitable restitution is available where the specific *res* or funds can be identified and attached by equitable lien or constructive trust, but not where the plaintiff seeks to impose general personal liability as a remedy for the defendant's monetary obligations."  Honolulu Joint Apprenticeship & Training Comm. of United Ass'n Local Union No. 675, 332 F.3d at 1238.

　　　　　Although Plaintiff's Complaint contains a request for both compensatory damages and equitable remedies, see Compl., ECF No. 1, at 6-7, Plaintiff states in its Supplement that it now only seeks "an equitable lien by agreement against identifiable funds, namely the Bank of Hawaii account into which the benefit check was deposited."  Pl.'s Suppl., ECF No. 20, at 3.  Further,

8

Plaintiff produced evidence that this Bank of Hawaii account "contains a non-zero balance." See Decl. of Nicolas Politsch, ECF No. 20-1, ¶ 9.  To establish an equitable lien by agreement in an ERISA action, there are three requirements. "First, there must be a promise by the beneficiary to reimburse the fiduciary for benefits paid under the plan in the event of [an overpayment] . . . Second, the reimbursement agreement must specifically identify a particular fund, distinct from the beneficiary's general assets, from which the fiduciary will be reimbursed. Third, the funds specifically identified by the fiduciary must be within the possession and control of the beneficiary." See Bilyeu, 683 F.3d at 1092.

    Here, Plaintiff has failed to establish the first requirement.  As noted above, an equitable lien by agreement requires an agreement between the parties for the beneficiary to reimburse the Plan for benefits paid under the plan in the event of an overpayment.  Plaintiff admits in its Supplement, that "the Plan does not contain a reimbursement provision." Pl.'s Suppl., ECF No. 20, at 3.  Absent an agreement for reimbursement, Plaintiff's claim for an equitable lien must fail. See, e.g., Messing v. Provident Life & Accident Ins. Co., 48 F.4th 670, 686 (6th Cir. 2022) (affirming summary judgment on fiduciary's claim for an equitable lien where "[t]he Plan simply does not provide for the recoupment of overpaid benefits").  As noted by the Supreme Court in US Airways, Inc. v. McCutchen, an equitable lien by agreement "as its name announces—both arises from and serves

9

to carry out a contract's provisions." 569 U.S. 88, 98 (2013). Here, because the Plan does not contain any such provision, Plaintiff is not entitled to an equitable lien by agreement. Plaintiff does not provide any authority to support its position that it is entitled to an equitable lien by agreement when the benefit plan at issue does not contain a provision requiring the beneficiary to reimburse any overpayment. Plaintiff's reference to the Supreme Court's decision in <u>Harris Trust and Savings Bank v. Salomon Smith Barney, Inc.</u> is unpersuasive because it discusses the available equitable remedies when a trustee breaches his fiduciary duty to the beneficiaries and transfers trust property to a third person. <u>See</u> 530 U.S. 238, 250 (2000). Here, Plaintiff, as the fiduciary, is attempting to recover property from a beneficiary, who obtained that property through no wrongdoing on his part but because of a mistake by the fiduciary. Because Plaintiff cannot establish an agreement between the parties for reimbursement or repayment of overpaid benefits, the Court finds that Plaintiff is not entitled to an equitable lien by agreement.

<u>CONCLUSION</u>

The Court FINDS and RECOMMENDS that Plaintiff Trees of Hawaii Inc. Profit Sharing Plan's Motion for Entry of Default Judgment Against Carlito Balacang, filed on April 25, 2024, ECF No. 12, be DENIED. Because Plaintiff is not entitled to the relief it seeks, the Court further RECOMMENDS that this case

be DISMISSED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, AUGUST 22, 2024.



Wes Reber Porter
United States Magistrate Judge

**TREES OF HAWAII, INC. PROFIT SHARING PLAN v. CARLITO BALACANG; CIVIL NO. 24-097 LEK-WRP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST CARLITO BALACANG AND DISMISS THIS ACTION**